UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE E. WIMES,

          Petitioner,

      -vs-

JAMES CONWAY, SUPERINTENDENT
ATTICA CORRECTIONAL FACILITY

          Respondent.

_____

**DECISION AND ORDER**
**No. 10-CV-00601T**

## I.   Introduction

*Pro se* Petitioner Willie E. Wimes ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered May 24, 2006, in New York State, Supreme Court, Erie County (Hon. Christopher J. Burns), convicting him, upon a plea of guilty, of Attempted Assault in the First Degree (N.Y. Penal Law ("Penal Law") §§ 110.00, 120.10(3)).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

On May 6, 2005, Petitioner was indicted by an Erie County Grand Jury and charged with Attempted Murder in the Second Degree (Penal Law §§ 110.00, 125.25(1)), two counts of Assault in the First Degree (Penal Law §§ 120.10(1), (3)), and Criminal Use of a Firearm in the First Degree (Penal Law § 265.09(1)(b)).   The

charges arose from an incident that occurred on March 15, 2005, wherein Petitioner fired a rifle at Anthony Green ("Green"), striking Green and causing injuries to Green's forearm.  <u>See</u> Ind. No. 00647-2005 dated 05/06/05 at Resp't Ex. A.

On January 26, 2006, Petitioner pleaded guilty to one count of Attempted Assault in the First Degree (Penal Law §§ 110.00, 120.10(3)).  Plea Mins. [P.M.] 263-265.  He was subsequently sentenced, as a persistent violent felony offender, to an indeterminate term of sixteen years to life imprisonment. Sentencing Mins. [S.M.] 8-9.

The Appellate Division, Fourth Department unanimously affirmed the judgment of conviction on March 14, 2008, and leave to appeal was denied.  <u>See</u> <u>People v. Wimes</u>, 49 A.D.3d 1286 (4th Dep't 2008); <u>lv. denied</u>, 7 N.Y.3d 743 (2008).

On or about July 30, 2009, Petitioner moved, pursuant to New York Crim. Proc. Law ("CPL") § 440.10, to vacate his judgment of conviction on the basis that: (1) he was denied the effective assistance of counsel; (2) that his plea was not made knowingly, voluntarily, and intelligently; (3) that the trial court denied him his due process rights by not letting him withdraw his guilty plea; and (4) that the trial court erred when it failed to order a competency examination before accepting the guilty plea.  The Supreme Court, Erie County denied Petitioner's motion, and leave to appeal was denied.  <u>See</u> Resp't Ex. D.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) that he was denied the effective assistance of counsel; (2) that his plea was not made knowingly, voluntarily, and intelligently; (3) that the trial court denied him his due process rights by not letting him withdraw his guilty plea; and (4) that the trial court erred when it failed to order a competency examination before accepting the guilty plea. See Pet. ¶ 17[a]-[d] (Dkt. No. 1).

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S.

362, 413 (2000).   The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision.  <u>Williams</u>, 529 U.S. at 412;  <u>accord</u> <u>Sevencan v. Herbert</u>, 342 F.3d 69, 73-74 (2d Cir. 2002), <u>cert. denied</u>, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  <u>Williams</u>, 529 U.S. at 413;  <u>see also</u> <u>id.</u> at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently."  <u>Aparicio v. Artuz</u>, 269 F.3d 78, 94 (2d Cir. 2001).   Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable."  <u>Id.</u> This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.   The [petitioner] shall have the burden of rebutting the presumption of correctness

by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see
also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d Cir. 2003) ("The
presumption of correctness is particularly important when reviewing
the trial court's assessment of witness credibility."), <u>cert.
denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003). A state
court's findings "will not be overturned on factual grounds unless
objectively unreasonable in light of the evidence presented in the
state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340
(2003).

**B.    Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a
person in custody pursuant to a judgment of a State court shall not
be granted unless it appears that . . . the applicant has exhausted
the remedies available in the courts of the State. . . ." 28 U.S.C.
§ 2254(b)(1)(A); <u>see, e.g.,</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838,
843-44 (1999); <u>accord, e.g.,</u> <u>Bossett v. Walker</u>, 41 F.3d 825, 828
(2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995). "The exhaustion
requirement is not satisfied unless the federal claim has been
'fairly presented' to the state courts." <u>Daye v. Attorney General</u>,
696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), <u>cert. denied</u>, 464 U.S.
1048 (1984).

**C.    The Adequate and Independent State Ground Doctrine**

A procedural default generally bars a federal court from
reviewing the merits of a habeas claim. <u>Wainwright v. Sykes</u>, 433

U.S. 72 (1977).  Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991));  accord Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000).  A state procedural bar qualifies as an "independent and adequate" state law ground where "'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 262 (1989)).  A state procedural rule will be adequate to preclude habeas review if it is "firmly established and regularly followed," unless the state rule is "exorbitant."  Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)).

A federal court may review a claim, notwithstanding the petitioner's default, if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750;  see also Levine, 44 F.3d at 126; Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991). A petitioner may establish cause by pointing to "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986);  accord Coleman, 501 U.S. at 753.  A

Case 1:10-cv-00601-MAT-JJM   Document 12   Filed 10/20/11   Page 7 of 12

petitioner suffers actual prejudice if the outcome of the case would likely have been different had the alleged constitutional violation not occurred. <u>See</u> <u>Reed v. Ross</u>, 468 U.S. 1, 12 (1984). Alternatively, even if the petitioner is unable to show cause and prejudice, the court may consider the claim if he can demonstrate that failure to do so will result in a "fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750.

## IV.  Petitioner's Claims

## 1.  Ineffective Assistance of Counsel

Petitioner argues, as he did in his motion to vacate, that he was deprived of effective assistance of counsel based upon counsel's failure to:  (1) investigate the forensic laboratory's findings with respect to a spent shell casing by producing a forensic firearms examiner; and (2) investigate "alibi witness[es] whom counsel was aware of and failed to interview . . . because he said that he forgot about them."  Pet. ¶ 17[a]; <u>see also</u> Pet'r Motion to Vacate at Resp't Ex. D.  The Supreme Court, Erie County rejected this claim on the merits, finding, in part, that Petitioner's claim "does not stand up to an examination of the record.  Said record reveals that [Petitioner] received thoroughly professional and meaningful representation."  Resp't Ex. D.  As discussed below, this claim provides no basis for habeas relief.

"A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating

to events occurring prior to the entry of the guilty plea. 'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (quoting Tollettt v. Henderson, 411 U.S. 258, 267 (1973) (alteration in original)). As explained by the Second Circuit, "claims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea." Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 n.5 (S.D.N.Y. 2005). Petitioner's ineffective assistance of counsel claim alleges that counsel committed errors related to counsel's failure to investigate certain evidence (with respect to a spent shell casing) and for failing to investigate alleged alibi witnesses. See Pet. ¶ 17[a]. Because the instant claim does not relate to the voluntariness of the plea itself, the claim is barred from review by this Court. See e.g., Garver v. Superintendent Oneida Corr. Facility, No. 10-CV-6142T, 2011 U.S. Dist. LEXIS 82811, *9-10 (W.D.N.Y. July 28, 2011) (finding Petitioner's ineffective assistance of counsel claim barred from habeas review where said claim alleged that counsel committed errors related to Fourth Amendment issues and did not relate to voluntariness of plea itself); Cummings v. Conway, 09-CV-740(MAT), 2011 U.S. Dist. LEXIS 67127, *11-12 (W.D.N.Y. June 23, 2011) (dismissing Petitioner's

ineffective assistance of counsel claims on the basis that
Petitioner waived said claims relating to events prior to the
guilty plea that did not affect the voluntariness of the plea);
O'Kane v. Kirkpatrick, 09 Civ. 05167 (HB)(THK), 2011 U.S. Dist.
LEXIS 95353, *32-33 (S.D.N.Y. Feb. 15, 2011) ("As an initial
matter, any claims regarding Petitioner's attorney's performance –
other than those relating to his guilty plea – relate to matters
preceding his decision to plead guilty and are, therefore, rendered
moot by his guilty plea.") (citing Tollett, 411 U.S. at 267,
United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997),
United States v. Arango, 966 F.2d 64, 66 (2d Cir. 1992));
Rodriquez v. Conway, No. 07 Civ. 9863 (JSR) (AJP), 2009 U.S. Dist.
LEXIS 21830, *79 (S.D.N.Y. Mar. 13, 2009) ("[Petitioner]'s claim
that his counsel was ineffective . . . is foreclosed by his guilty
plea because it relates to events prior to the guilty plea that do
not affect the voluntariness of the plea."). Accordingly,
Petitioner's ineffective assistance of counsel is barred from
habeas review and is dismissed in its entirety on that basis.

**2.  Petitioner's Remaining Claims are Procedurally Defaulted**

In grounds two through four of the petition, Petitioner
argues, as he did in his motion to vacate, that: (1) his plea was
not made knowingly, voluntarily, and intelligently; (2) the trial
court denied him his due process rights by not letting him withdraw
his guilty plea; and (3) the trial court erred when it failed to

order a competency examination before accepting the guilty plea. See Pet. ¶ 17[b]-[d]. The Supreme Court, Erie County denied these claims on a procedural ground, pursuant to CPL § 440.10(2)(a), because these claims had already been decided on the merits on direct appeal. See Resp't Ex. D. Consequently, as discussed below, these claims are procedurally defaulted from review by this Court.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground that is independent of the federal question and adequate to support the judgment. See Coleman, 501 U.S. at 729. Here, the state court rejected Petitioner's claims pursuant to CPL § 440.10(2)(a) because the claims had already been raised on direct appeal, and rejected on the merits. See CPL § 440.10(2)(a) (the court must deny a motion to vacate when the ground or issue raised upon the motion was previously determined on the merits on direct appeal). Denial of a claim pursuant CPL § 440.10(2)(a) has been found to constitute an adequate and independent state ground. See, e.g., McClarin v. Smith, 05-CV-2478 (DLI), 2007 U.S. Dist. LEXIS 58717 (E.D.N.Y. Aug. 10, 2007); D'Alessandro v. Fischer, 2005 U.S. Dist. LEXIS 40728, No. 01 Civ. 2551 (LTS)(DF), at *55 (S.D.N.Y. Jan 31, 2005). Accordingly, the state court's reliance on CPL § 440.10(2)(a) to deny Petitioner's claims constitutes an

independent and adequate state bar precluding this Court's review of them.

A finding of procedural default bars habeas review of a federal claim unless the petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Murray, 477 U.S. at 492. Petitioner has not alleged cause and prejudice to overcome the procedural default, nor has he attempted to avail himself of the miscarriage of justice exception. The claims therefore are procedurally defaulted and dismissed on that basis.

## V.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      October 20, 2011
            Rochester, New York